# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY JAROME EPPS, | : | |
| Plaintiff, | : | |
| v. | : | No. 4:17-CV-1059 |
| J. FORSTON, ET AL., | : | (Judge Brann) |
| Defendants. | : | |

## MEMORANDUM OPINION

### JANUARY 23, 2018

**I.  BACKGROUND**

This *pro se* civil rights action was filed by Tony Jarome Epps, an inmate presently confined at the State Correctional Institution, Camp Hill, Pennsylvania. Named as Defendants are four (4) officials at Epps' former place of incarceration – the Smithfield State Correctional Institution, Huntingdon, Pennsylvania (SCI-Smithfield).

Plaintiff's claims stem from his contention that prison staff intentionally shut off the water to his cell as an unwarranted, punitive measure. Defendants previously filing a motion to dismiss the Complaint for failure to state a claim. Plaintiff responded by submitting a motion requesting an evidentiary hearing and a motion for summary judgment.

In a letter recently filed with the Court, Plaintiff states that "I wish to drop lawsuit." Doc. 22. Epps' letter, which is addressed to the Defendants, indicates that in the spirit of forgiveness, he no longer wishes to pursue this matter.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Dismissal under this provision is without prejudice.

As noted above, Defendants have filed a motion to dismiss. However, they have neither submitted a summary judgment motion nor an answer. Based upon a review of Plaintiff's letter, it is appropriate to construe that *pro se* submission as a notice of voluntary dismissal pursuant to Rule 41(a)(1).

Consequently, the Court will accept Epps' *pro se* notice to withdraw and his complaint will be dismissed without prejudice to Plaintiff's renewal of his claims.[1]

---

[1] Even if Defendants had filed a summary judgment motion, Plaintiff would be entitled to voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2). Motions to voluntarily dismiss an action "should be allowed unless a defendant will suffer some prejudice other than the mere prospect of a second lawsuit." *Shulley v. Mileur*, 115 F.R.D. 50, 51 (M.D. Pa. 1987) (citing *John Evans Sons, Inc. v. Majik Ironers, Inc.,* 95 F.R.D. 186 190 (E.D. Pa. 1982)). There is no indication that the Defendants in this matter would suffer any harm aside from the possibility of having to address a future, similar lawsuit filed by the Plaintiff.

Plaintiff is forewarned that renewal of his claims is subject to the applicable statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985).

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge